# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR A. GRIFFIN, :<br>    Plaintiff, :<br>:<br>v. :<br>:<br>GEORGE W. HILL (CERT TEAM) :<br>CORRECTIONAL FACILITY, *et al.*, :<br>    Defendants. : | CIVIL ACTION NO. 19-CV-4671 |

## MEMORANDUM

**PRATTER, J.**                                                                       **OCTOBER 31, 2019**

This matter comes before the Court by way of a Complaint (ECF No. 2), brought by Plaintiff Lamar A. Griffin, proceeding *pro se*. Also pending is Mr. Griffin's Motion to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 5 & 6). Because it appears that Mr. Griffin is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Griffin will be permitted to file an amended complaint.

## I. FACTS[1]

Mr. Griffin, a pretrial detainee currently incarcerated at George W. Hill Correctional Facility ("GWHCF"), brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his rights in connection with an incident during which he was pepper sprayed and kicked in the head. Mr. Griffin alleges that on September 2, 2019, he asked to speak to a Sergeant or Lieutenant about the conditions on his unit because there was "no air." (Compl. ECF

---

[1] The facts set forth in this Memorandum are taken from Mr. Griffin's Complaint.

No. 2 at 5.)[2] He claims that, in response, correctional officers to whom he made his request "threatened him" and told him to return to his cell, which was "sweltering hot." (*Id.*) Correctional Officer "Rashid" then locked the cell doors so the inmates could not return to their cells.

An unidentified correctional officer sprayed pepper spray, which caused Mr. Griffin to choke and gag. Members of a "CERT team" then "flooded the unit shooting inmates with [a] pepper spray machine gun." (*Id.*) An unknown officer on that team kicked Mr. Griffin on the left side of his head while removing him from the cell where he sought refuge. Mr. Griffin alleges he sustained "a small amount of swelling above [his] left eye" and that his eye was "in pain and bruised." (*Id.*)

Mr. Griffin was taken to a nurse for medical care. The nurse whom he saw checked him for breathing problems and apparently gave him ice for his bruised eye and a bruise on his leg where he was hit with projectiles from the pepper spray gun. Mr. Griffin notes, however, that he did not receive "x-rays for head injury." (*Id.*)

Based on those allegations, the Court understands Mr. Griffin to be bringing claims for excessive force and denial of medical care.[3] In the caption of his Complaint, he named "George W. Hill (CERT team) Correctional Facility" as the only defendant. However, in the body of his Complaint, Mr. Griffin named as defendants Lt. Moody (identified as a "Security Lt."), Corrections Officer Rashid, and Officer "Sirodee" (identified as a corrections officer and CERT member), who were not named as defendants in the caption in accordance with Federal Rule of

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] Mr. Griffin's allegations about the conditions that led him to complain prior to the use of pepper spray on him and other inmates appear to have been provided by way of background. The Court does not understand Mr. Griffin to be pursuing claims based on those conditions.

2

Civil Procedure 10(a). (*Id.* at 2-3.) He also indicates, with respect to those additional Defendants, that he is suing them only in their official capacities. For relief, Mr. Griffin asks the Court to "hold G.W. Hill accountable for [his] apparent injuries" and seeks $100,000.09 in damages. (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Griffin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mr. Griffin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit Court of Appeals recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies

---

[4] However, because Mr. Griffin is a prisoner, he may pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b).

3

discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Mr. Griffin's Complaint asserts claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

4

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A. Official Capacity Claims

Mr. Griffin brings claims against all defendants in their official capacities. Claims against officers named in their official capacities are indistinguishable from claims against the entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

As Mr. Griffin has not pled a basis for municipal liability. Accordingly, his "official capacity" claims fail. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar

5

unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* The same standards apply for private companies that contract to provide services to inmates. *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (per curiam); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)).

Here, nothing in the Complaint plausibly suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference. Accordingly, Mr. Griffin has not stated a plausible basis for a claim against any municipal entity or private entity that contracts with a municipal entity. The Court will, therefore, dismiss Mr. Griffin's claims against all defendants in their official capacities.

### B. Individual Capacity Claims

As noted above, Mr. Griffin is bringing excessive force claims based on the use of pepper spray and having been kicked in the face, as well as claims for deliberate indifference to his resulting medical needs. A pretrial detainee claiming a Fourteenth Amendment violation must establish that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). To state a due process violation based on excessive force, a pretrial detainee

6

must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[5] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but

---

[5] Mr. Griffin was a pretrial detainee at the time of the events in question. The Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to medical-related claims raised by pretrial detainees).

7

intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Based on the manner by which the Complaint is pled, it fails to comply with Rule 8 in certain respects. It is not entirely clear to the Court who the named defendants are in this case because, as noted above, Mr. Griffin identified "George W. Hill (CERT Team) Correctional Facility" as the only defendant in the caption but, on the second and third pages of his Complaint, he listed three individual Defendants, two of whom are not mentioned at all in Mr. Griffin's allegations (Lt. Moody and Officer Sirodee). Furthermore, although Mr. Griffin's allegations discuss the conduct of correctional officers who were part of the CERT Team that pepper sprayed him on September 2, 2019, it is not clear if Mr. Griffin is suing that team of correctional officers or if he is suing GWHCF based on the conduct of those officers. The difficulty in determining who the defendants are in this case also makes it difficult to assess Mr. Griffin's claims.

To the extent Mr. Griffin seeks to sue the jail itself, his claims must be dismissed because GWHCF "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal

civil rights laws."). Furthermore, even if Mr. Griffin intended to raise claims against Lt. Moody and Officer Sirodee, those claims fail because he does not raise any allegations against them.

The only allegation against Correctional Officer "Rashid" is that he closed the cell doors so Mr. Griffin could not get into his cell. That allegation does not support a claim for any constitutional violation. Officer Rashid is not alleged to have used any force on Mr. Griffin, nor is he alleged to have any awareness of Mr. Griffin's injuries or requests for medical care. Furthermore, the Complaint reflects that Mr. Griffin was seen by a nurse and received some amount of care for his injuries. Mr. Griffin appears to be claiming his rights were violated when he was not given an x-ray for his head/bruised eye, but he has not alleged facts that would plausibly suggest any failure to provide an x-ray amounted to a constitutional violation or that an x-ray was even indicated here. Rather, at least as pled, the Complaint appears to be expressing disagreement with the type of treatment Mr. Griffin was provided, which is not a sufficient basis for a plausible constitutional claim regardless of which defendants Mr. Griffin intended to name.

Mr. Griffin's clearest basis for a possible claim are his allegations against CERT members for excessive force based on (1) the use of pepper spray; and (2) being kicked in the head. However, as noted, it is not clear whether Mr. Griffin is suing the correctional officers who pepper sprayed him and kicked him. Accordingly, he will be given leave to file an amended complaint in the event he can clarify the bases for his claims and who he intends to name as defendants.[6]

---

[6] Mr. Griffin may not know the names of the officers responsible for these events. In that case, he may identify those individuals as John Doe #1, John Doe #2, etc. If Mr. Griffin is aware of the identity of a supervisory official responsible for the events in question, he may choose to name that individual as a Defendant as well. *See Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("[C]ourts have pointed out the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an

9

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Griffin leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As it is possible that Mr. Griffin could state a basis for a claim against an appropriate defendant, the dismissal is without prejudice to amendment in accordance with the Court's Order, which follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

---

opportunity through at least brief discovery to identify the subordinate officials who have personal liability.").