IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMAR A. GRIFFIN,**  **Plaintiff,** | : : : |
| v. | : **CIVIL ACTION NO. 19-CV-4671** |
| **GEORGE W. HILL (CERT TEAM)**  **CORRECTIONAL FACILITY,** *et al.*,  **Defendants.** | : : : : |

## ORDER

AND NOW, this 31st day of October, 2019, upon consideration of Plaintiff Lamar A. Griffin's Motion to Proceed *In Forma Pauperis* (ECF No. 5), his Prisoner Trust Fund Account Statement (ECF No. 6), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Lamar A. Griffin, #19002141, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Griffin's inmate account; or (b) the average monthly balance in Mr. Griffin's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Griffin's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mr. Griffin's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this order to the Warden of George W. Hill Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

6. Mr. Griffin may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Griffin's claims against each defendant. The amended complaint must also provide as much identifying information for the defendants as possible. Mr. Griffin may refer to a defendant by last name only if that is the only identifying information possessed. If Mr. Griffin wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mr. Griffin should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Mr. Griffin may file.

7. The Clerk of Court is **DIRECTED** to send Mr. Griffin a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Griffin may use this form to file his amended complaint if she chooses to do so.

8. If Mr. Griffin fails to file an amended complaint in accordance with this Order, his case may be dismissed without further notice for failure to prosecute.

BY THE COURT:

_____
GENE E.K. PRATTER, J.