# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR A. GRIFFIN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 19-CV-4671 |
| GEORGE W. HILL (CERT TEAM)<br>CORRECTIONAL FACILITY, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: |



## MEMORANDUM

**PRATTER, J.**                                                                         **NOVEMBER 25, 2019**

      This matter comes before the Court by way of an Amended Complaint (ECF No. 2), brought by Plaintiff Lamar A. Griffin, proceeding *pro se*. Mr. Griffin, a pretrial detainee currently incarcerated at the George W. Hill Correctional Facility ("GWHCF") brings excessive force claims and deliberate indifference to medical needs claims arising from an incident at GWHCF. For the following reasons, the Court will dismiss Mr. Griffin's claims for deliberate indifference to medical needs and direct service of Mr. Griffin's excessive force claims.

## I.    FACTS AND PROCEDURAL HISTORY

      Mr. Griffin's claims concern an incident that occurred on September 2, 2019 when certain correctional officers allegedly pepper sprayed him and kicked him above his left eye. In his initial Complaint, Mr. Griffin alleged that he asked to speak to a Sergeant or Lieutenant about the conditions on his unit because there was "no air." (Compl. ECF No. 2 at 5.)[1] He claimed that, in response, correctional officers to whom he made his request "threatened him" and told

---

[1] The Court adopts the pagination assigned to Mr. Griffin's pleadings by the CM/ECF docketing system.

him to return to his cell, which was "sweltering hot." (*Id.*) Correctional Officer "Rashid" then locked the cell doors so the inmates could not return to their cells.

An unidentified correctional officer sprayed pepper spray, which caused Mr. Griffin to choke and gag. Members of a "CERT team" then "flooded the unit shooting inmates with [a] pepper spray machine gun." (*Id.*) An unknown officer on that team kicked Mr. Griffin on the left side of his head upon extracting him from the cell where he sought refuge. Mr. Griffin alleged that he sustained "a small amount of swelling above [his] left eye" and that his eye was "in pain and bruised." (*Id.*)

Mr. Griffin was taken to see a nurse for medical care. The nurse whom he saw checked him for breathing problems and apparently gave him ice for his bruised eye and a bruise on his leg where he was hit with projectiles from the pepper spray gun. In his initial Complaint, Mr. Griffin noted that he did not receive "x-rays for head injury." (*Id.*)

In a Memorandum and Order docketed on November 1, 2019, the Court granted Mr. Griffin leave to proceed *in forma pauperis* and dismissed his Complaint upon screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 7 & 8.) It was not clear who Mr. Griffin intended to name as defendants based on the manner in which the Complaint was pled. Specifically, Mr. Griffin identified "George W. Hill (CERT Team) Correctional Facility" as the only defendant in the caption but, on the second and third pages of his Complaint, he listed three individual defendants, two of whom were not mentioned at all in Mr. Griffin's allegations (Lt. Moody and Officer Sirodee) so he failed to state a claim against them. As to the third individual, Correctional Office "Rashid," the only conduct alleged was that Correction Officer Rashid closed the cell doors prior to the incident, which did not support a plausible claim against him. Even leaving aside the issue with the identity of the defendants, the Court concluded that Mr.

Griffin failed to state a plausible claim based on deliberate indifference to his medical needs. The Court also observed that GWHCF itself was not subject to suit and that the "clearest basis" Mr. Griffin alleged for a possible claim was an excessive force claim against CERT members. (ECF No. 7 at 9.)

Mr. Griffin was given leave to file an Amended Complaint, which he did. Mr. Griffin's Amended Complaint names as defendants: (1) "George W. Hill Correctional Facility (CERT Team)"; (2) Sgt. Carter; (3) Sgt. Royals; (4) C/O Rashid; (5) Lt. Moody; and (6) C/O Sirodee. (Am. Compl. ECF No. 10.) He states that he is raising claims for excessive force and deliberate indifference to his medical needs based on the September 2, 2019 incident. The Amended Complaint indicates that the CERT Team is comprised of Sgt. Carter, Sgt. Royals, Correction Officer Rashid, Lt. Moody and Officer Sirodee. (*Id.* at 5.) During the incident in question, members of the CERT Team sprayed Mr. Griffin with pepper spray and one of them kicked Mr. Griffin on "the left side of [his] temple, thus blackening [his] eye leaving a bruise." (*Id.*) Mr. Griffin was handcuffed and "taken to medical for prognosis." (*Id.*) A nurse checked his "breathing and respiratory system." (*Id.*) Although Mr. Griffin previously alleged he received ice for his other injuries, he now claims that he was not provided any treatment for his black eye or a bruise on his leg that he sustained from being shot with the pepper spray. (*Id.*) As relief, Mr. Griffin seeks damages in the amount of $100,000.09. (*Id.*)

## II. STANDARD OF REVIEW

Because Mr. Griffin is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Mr. Griffin is proceeding *pro se*, so the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

As noted above, Mr. Griffin is bringing excessive force claims based on the use of pepper spray and having been kicked in the face, as well as claims for deliberate indifference to his resulting medical needs. To state a due process violation based on excessive force, a pretrial detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his

4

serious medical needs.[2] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

The Court will first address Mr. Griffin's claims against Defendant "George W. Hill Correctional Facility (CERT Team)."[3] To the extent Mr. Griffin seeks to sue the jail itself, his claims must be dismissed because GWHCF "is not a legal entity susceptible to suit." *Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20,

---

[2] Because Mr. Griffin was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to medical-related claims raised by pretrial detainees).

[3] This defendant is listed on the docket as "George W. Hill (CERT Team) Correctional Facility."

5

2010) (quoting *Ignudo v. McPhearson*, Civ. A. No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws."). Furthermore, the Amended Complaint indicates that the CERT Team is comprised of Sgt. Carter, Sgt. Royals, Correction Officer Rashid, Lt. Moody and Officer Sirodee, all of whom are independently named as defendants. (*Id.* at 5.) Accordingly, because "George W. Hill Correctional Facility (CERT Team)" appears intended to refer to the members of the CERT Team, all of whom are named separately, it is a duplicative defendant and will be dismissed on that basis.

Mr. Griffin's remaining claims are against Sgt. Carter, Sgt. Royals, Rashid, Lt. Moody and Officer Sirodee. Even assuming Mr. Griffin's black eye and the bruise on his leg constitute serious medical needs, nothing suggests that the defendants were deliberately indifferent to those needs. Indeed, Mr. Griffin alleges that he was brought to the medical department and seen by a nurse. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Spruill*, 372 F.3d at 236. Mr. Griffin already had an opportunity to amend these claims. Therefore, it appears that further attempts at amendment would be futile.

However, Mr. Griffin will be permitted to proceed on his excessive force claims at this time. Mr. Griffin alleges that Defendants Sgt. Carter, Sgt. Royals, Rashid, Lt. Moody and Officer Sirodee were members of a team of correctional officers that pepper sprayed him and kicked him in the eye. Although it appears he does not know which defendant or defendants were responsible for the use of force on him, he may be able to learn those answers through the

6

discovery process to further ascertain each defendant's involvement in the events in question. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293 (3d Cir. 2018).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss "George W. Hill Correctional Facility (CERT Team)" as a defendant in this case and will dismiss Mr. Griffin's claims for deliberate indifference to his medical needs. The Court will permit service of the Complaint on the remaining defendants—Sgt. Carter, Sgt., Correction Officer Rashid, Lt. Moody, and Officer Sirodee—so that Mr. Griffin may proceed on his excessive force claims based on the events of September 2, 2019.

BY THE COURT:

GENE E.K. PRATTER, J.

7