### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMAR GRIFFIN,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LT. MOODY, *et al.*,** | : | **No. 19-4671** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                    OCTOBER 22, 2020

Mr. Griffin, a pretrial detainee, filed this Section 1983 action *pro se* alleging excessive force and deliberate indifference to his medical needs arising from an incident at the George W. Hill Correctional Facility in September 2019. The individual Defendants have filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court deems Defendants' Motion moot in part and denies the Motion in part.

### BACKGROUND AND PROCEDURAL HISTORY

Because the Court writes for the benefit of the parties, it assumes familiarity with the underlying background. The Court's two November 2019 opinions recite the operative facts. *See Griffin v. George W. Hill (Cert Team) Corr. Facility*, No. 19-CV-4671, 2019 WL 5696142, at *1 (E.D. Pa. Nov. 1, 2019); *Griffin v. George W. Hill (Cert Team) Corr. Facility*, No. 19-CV-4671, 2019 WL 6329495, at *1 (E.D. Pa. Nov. 25, 2019).

The Court previously granted Mr. Griffin leave to proceed *in forma pauperis*, Doc. No. 8, and dismissed his Complaint following an obligatory *sua sponte* screening, 28 U.S.C. § 1915(e)(2)(B). *Griffin v. George W. Hill (Cert Team) Corr. Facility*, No. 19-CV-4671, 2019 WL 5696142, at *1 (E.D. Pa. Nov. 1, 2019). In addition to failing to specify the claims against the named defendants, the Complaint did not state a plausible claim based on deliberate

1

indifference to Mr. Griffin's medical needs. *Id.* at *4. The Court noted that Mr. Griffin's "clearest basis" for a claim was his allegations against certain officers for excessive force. But because Mr. Griffin named the correctional facility as the sole defendant, it was not clear whether Mr. Griffin was also suing those individual correctional officers. The Court granted Mr. Griffin leave to file an amended complaint, which he did, and named individual defendants, Lieutenant Moody, Corrections Officer Rashid, Officer Serody, Sergeant Carter, and Sergeant Royals, and the George W. Hill (CERT TEAM) Correctional Facility. The Amended Complaint states that the CERT Team is comprised of those same five individual defendants.

The Court screened Mr. Griffin's Amended Complaint and dismissed the CERT Team as a duplicative defendant and dismissed with prejudice Mr. Griffin's claim of deliberate indifference. *Griffin v. George W. Hill (Cert Team) Corr. Facility*, No. 19-CV-4671, 2019 WL 6329495, at *1 (E.D. Pa. Nov. 25, 2019). Mr. Griffin was, however, permitted to proceed on his excessive force claims against the five individual defendants. Although Mr. Griffin did not identify which defendant used excessive force on him, the Court noted that discovery may assist Mr. Griffin in establishing each defendant's involvement. *Id.* at *3.

In January, the five individual defendants filed a Motion to Dismiss the Amended Complaint for failure to state a claim. Doc. No. 18. The individual defendants move to dismiss both the excessive force and deliberate indifference claims. Mr. Griffin failed to respond to the motion. The Court granted him six extensions of time, Doc. Nos. 19-25, before ordering that it would consider the motion as unopposed but construe, as it must, Mr. Griffin's pleadings liberally.[1]

---

[1]     Local Rule 7.1 provides that, absent a timely response, a motion may be granted as uncontested. E.D. Pa. L. R. 7.1. However, the Third Circuit Court of Appeals discourages dismissing a *pro se* civil rights action when a litigant fails to respond without considering the merits. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original).

The Third Circuit instructs the reviewing court to conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211. If the court can only infer "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Because Mr. Griffin is proceeding *pro se*, the Court construes his complaint liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

### I.    Deliberate Indifference

The Court has already dismissed with prejudice the deliberate indifference claims. Therefore, Defendants' motion addressing this claim is moot. *Griffin v. George W. Hill (Cert Team) Corr. Facility*, No. 19-CV-4671, 2019 WL 6329495, at *3 (E.D. Pa. Nov. 25, 2019).

### II.    Excessive Force

The Court did not dismiss Mr. Griffin's excessive force claim during the screening process. *Id.* But because the individual defendants filed the pending Motion to Dismiss roughly two months

after the Court's *sua sponte* screening, the Court reconsiders this claim in light of Defendants' arguments.

The first inquiry is whether, reading Mr. Griffin's allegations in light most favorable to him, he has alleged facts sufficient to state a claim that the individual defendants' conduct violated a constitutional right. Mr. Griffin appears to raise a Section 1983 claim for alleged violations of his Fourteenth Amendment rights. Excessive force claims brought by a pretrial detainee are analyzed under the Fourteenth Amendment, whereas those brought by a sentenced prisoner are evaluated under the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). This is because "pretrial detainees are entitled to greater constitutional protection than that provided by the Eighth Amendment." *Hubbard v. Taylor*, 399 F.3d 150, 167 n.2 (3d Cir. 2005).

To state a claim of excessive force, a plaintiff must allege facts that show that the force was used "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." *Brooks v. Austin*, 720 F. Supp. 2d 715, 719 (E.D. Pa. 2010) (quoting *Hudson v. McMillan*, 503 U.S. 1, 6 (1992)). Relevant to this inquiry are the following factors: (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, (4) any effort made to temper the severity of response, (5) the extent of the plaintiff's injury, and (6) whether the plaintiff was actively resisting. *Robinson v. Danberg*, 673 F. App'x 205, 209 (3d Cir. 2016) (quoting *Kingsley*, 576 U.S. at 397). Defendants maintain that Mr. Griffin fails to state with sufficient specificity the duration and extent of the alleged assault, his own actions, and whether he complied with their requests.

Mr. Griffin's initial complaint alleged that he asked to speak to a Sergeant or Lieutenant about the conditions in his unit because there was "no air." Doc. No. 2 at 5. In response,

4

Mr. Griffin alleges that officers arrived at the unit, and "threatened" inmates to return to their "sweltering hot" cells. Defendant Rashid then locked the cell doors before the inmates could return to them. Mr. Griffin alleges that an unidentified correctional officer sprayed the unit with pepper spray, which caused Mr. Griffin to choke and gag from the fumes and to seek shelter in a cell. The "CERT Team" allegedly then "flooded the unit shooting inmates with [a] pepper spray machine gun." *Id.* One of the officers extracted Mr. Griffin from the cell in which he had retreated before kicking him in the temple, which resulted in a black eye. Mr. Griffin did not allege that he or any other inmate acted in a way that would justify use of pepper spray. He contends that the officers "brutally attack[ed] defenseless inmates with no motive." *Id.* The Court finds that the initial complaint pleads there was not a legitimate government objective or "good faith effort" to restore order.

The problem, however, is that the Amended Complaint does not recount those facts leading up to the assault. Instead, Mr. Griffin alleges that the CERT Team (identified as the five named individual defendants) "viciously assaulted" him by pepper spraying him and kicking him in the eye. Doc. No. 11 at 6. Mr. Griffin could not identify the defendant who kicked him because he was "masked." Construed liberally, Mr. Griffin places all five defendants on the scene as participants in the attack on him and other inmates in some capacity. Although he does not repeat his allegation that complaining about the conditions of his confinement prompted the assault, he does still contend this was "an unprovoked attack."

An issue, then, is whether the Court can refer to the initial complaint to supplement any deficiencies in the amended version. In general, an amended complaint supersedes an initial complaint and renders the original a nullity. *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). And, Mr. Griffin was on notice of the effect of amendment: in dismissing the initial complaint,

5

the Court expressly reminded him that the "amended complaint shall be a complete document that does not rely on the initial Complaint or any other papers filed in this case to state a claim." Doc. No. 8.

But Mr. Griffin is a *pro se* litigant and the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). In a similar situation involving a *pro se* litigant whose amended complaint was more deficient than the initial pleading, at least one court in this circuit has looked back to the initial pleading to supplement the amended pleading. *See, e.g.*, *Collins v. City of Philadelphia*, No. 20-CV-314, 2020 WL 1694489, at *1 n.1 (E.D. Pa. Apr. 7, 2020) (plaintiff named the individual defendants in the initial pleading but failed to do so in the amended complaint). Indeed, the Court is placed in an unfortunate position of knowing what Mr. Griffin first pled in support of his excessive force claim but excised the second time around without knowing if the omission was deliberate or intended.

Ultimately, however, the Court can rule on the Motion based on the allegations pled in the Amended Complaint. The Amended Complaint is admittedly less helpful to establishing a claim of excessive force. But reading it liberally and drawing all inferences in Mr. Griffin's favor, the allegations raise the claim above the level of speculation. *Shockley-Byrd v. Zambrana*, No. 18-CV-4845, 2019 WL 2226128, at *3 (E.D. Pa. May 22, 2019) (denying motion to dismiss excessive force claim where pretrial detainee admitted he argued with defendant officer, but alleged officer choked him while his hands were handcuffed). By calling the attack unprovoked, Mr. Griffin essentially pleads there was no need for force used against him.

Mr. Griffin's allegation that the CERT Team participated in the assault, without pleading the extent of each defendant's role, is not fatal at this pre-discovery stage. He is presently unable to identify who delivered the blow to his temple because that defendant was masked. *See, e.g.*,

6

*Brooks v. Austin*, 720 F. Supp. 2d 715, 720 (E.D. Pa. 2010) (denying motion to dismiss excessive force claim where pretrial detainee alleged a named officer and unnamed officer responded violently absent any allegation that plaintiff or any inmates were acting in a threatening or violent manner); *Grubbs v. Univ. of Delaware Police Dep't*, 174 F. Supp. 3d 839, 854 (D. Del. 2016) (denying motion to dismiss excessive force claim alleging that, while effecting an arrest, an unidentified officer struck plaintiff's ankle and another unidentified K-9 handler released the K-9 that bit plaintiff).

The Court may ultimately conclude that the factors articulated in *Robinson* weigh in favor of finding defendants' actions were reasonable. But such a finding is premature now. Whether defendants' use of force was objectively reasonable and the precise roles each defendant played will be borne out with a developed factual record.[2]

### CONCLUSION

For the reasons set out in this memorandum, the Court deems Defendants' Motion to Dismiss the Amended Complaint is moot as to the claim for deliberate indifference to medical care and denied as to the claim for excessive force. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2]     To survive an (eventual) motion for summary judgment and to hold any defendant liable, Mr. Griffin will need to identify which of the officers were responsible for the alleged excessive force if, indeed, such evidence exists. *McNeil v. City of Easton*, 694 F. Supp. 2d 375, 395 (E.D. Pa. 2010); *Glass v. City of Philadelphia*, 455 F. Supp. 2d 302, 367 (E.D. Pa. 2006) ("Even if the Court were to find that the unidentified officer used excessive force...there can be no § 1983 liability against an unidentified individual officer.").